Peter B. Fredman (Cal. State Bar No. 189097)
**LAW OFFICE OF PETER FREDMAN**
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile:  (510) 868-2627
peter@peterfredmanlaw.com

Attorney for Plaintiffs JEAN SHREM
and MARNI FISCHER , for themselves and
all persons similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN SHREM and MARNI FISCHER, individually, and on behalf of others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation,<br><br>            Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR<br>(1) BREACH OF CONTRACT<br>(2) FRAUD<br>(3) NEGLIGENCE<br>(4) UNJUST ENRICHMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs JEAN SHREM and MARNI FISCHER, by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against the above named defendant, demand a trial by jury, and allege on information and belief as follows:

## INTRODUCTION

1. Defendant Southwest Airlines Co. ("Southwest") owes much of its success to its highly-publicized reputation as one of the most customer friendly airlines when it comes to

tickets changes and cancellations. It differentiates itself from other airlines in various advertising mediums by touting its "no fees" policy for ticket changes or cancellations. For example:

> We don't charge you for changing your mind, your plans, or otherwise. So you can rest assured when booking your next Southwest Airlines flight that change fees don't fly with us.

https://www.southwest.com/html/air/nochangefee.html

2. Southwest refers to this policy and practice throughout its website. For example, on its web page entitled "How to Book and Manage Your Flight," it states:

> **Cancel Your Reservation**
> We're sad to see you go, but happy to help you cancel your flight. We even make it easy to apply the value of your ticket toward future travel online.

https://www.southwest.com/html/customer-service/how-tos/book-and-manage-air-pol.html. The "cancel your flight" link leads to a web page entitled "Cancel Air Reservation," which states:

> This page allows you to retrieve a Southwest Airlines reservation prior to cancelling it. …Unused travel funds may only be applied toward the purchase of future travel for the individual named on the ticket.

https://www.southwest.com/flight/cancel-air-reservation.html

3. Specifically, Southwest's policy and practice provides that, when customers cancel non-refundable tickets, then the full amount paid may be used without restriction as credits to purchase future travel on Southwest for 1 year from the original date of purchase. The policy encourages customers to purchase tickets, knowing they will not forfeit the payment as long as they will be traveling with Southwest within a year.

4. This case, however, involves a hidden exception to the policy which breaches Southwest's contract with its customers. Southwest forfeits the money paid for a ticket in *less than* 1 year from the date of purchase in situations where customers purchase future travel by combining cash with credit from a previously cancelled ticket. If the future travel is cancelled, Southwest forfeits both credits 1 year from the date of the earliest purchase.

5. As a result, in this case Southwest forfeited $784.40 in cash that Plaintiffs paid on February 21, 2015 (which should have had a February 20, 2016 expiration date) in less than 1 year because they combined it with $16 in credit having an earlier expiration date.

**PARTIES**

6. Plaintiffs Marni Fischer and Jean Shrem ("Plaintiffs") are domestic partners residing in Contra Costa County, California.

7. Defendant Southwest Airlines Co. ("Southwest") is a Texas corporation doing business throughout California and the United States.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to the provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.* ("CAFA").

9. Venue is proper in this Court because Southwest's liability to Plaintiffs arose within the jurisdictional region of this Court, where Southwest does substantial business.

**FACTS**

10. On August 24, 2014, Plaintiffs purchased Southwest tickets which they subsequently cancelled in exchange for credit for future travel through August 23, 2015.

11. On February 21, 2015, Plaintiffs purchased two new roundtrip tickets from with $784 in cash and $16 in Southwest credit from the prior cancelled tickets.

12. On that date, Southwest sent Plaintiffs their e-tickets, which read in relevant part:

> **What you need to know to travel:**
>
> - Don't forget to check in for your flight(s) 24 hours before your trip on southwest.com or your mobile device. This will secure your boarding position on your flights.
>
> - Southwest Airlines does not have assigned seats, so you can choose your seat when you board the plane. You will be assigned a boarding position based on your checkin time. The earlier you check in, within 24 hours of your flight, the earlier you get to board.
>
> - WiFi, TV, and related services and amenities may vary and are subject to change based on assigned aircraft. Learn more.
>
> **Remember to be in the gate area on time and ready to board:**
>
> - 30 minutes prior to scheduled departure time: We may begin boarding as early as 30 minutes prior to your flight's scheduled departure time. We encourage all passengers to plan to arrive in the gate area no later than this time.
>
> - 10 minutes prior to scheduled departure time: All passengers must obtain their boarding passes and be in the gate area available for

> boarding at least 10 minutes prior to your flight's scheduled departure time. If not, Southwest may cancel your reserved space and you will not be eligible for denied boarding compensation.
>
> - If you do not plan to travel on your flight: In accordance with Southwest's No Show Policy, you must notify Southwest at least 10 minutes prior to your flight's scheduled departure if you do not plan to travel on the flight. If not, Southwest will cancel your reservation and all funds will be forfeited.
>
> **Air Cost:** 800.40
>
> Carryon Items: 1 Bag + small personal item are free. See full details. Checked Items: First and second bags fly free. Weight and size limits apply.
>
> Fare Rule(s): 5262485114658: NONREF/NONTRANSFERABLE/STANDBY REQ UPGRADE TO Y.
>
> 5262485114660: NONREF/NONTRANSFERABLE/STANDBY REQ UPGRADE TO Y.
>
> Valid only on Southwest Airlines. All travel involving funds from this Confirmation Number must be completed by the expiration date. Unused travel funds may only be applied toward the purchase of future travel for the individual named on the ticket. Any changes to this itinerary may result in a fare increase. Failure to cancel reservations for a Wanna Get Away fare segment at least 10 minutes prior to travel will result in the forfeiture of all remaining unused funds.
>
> OAK WN MSY173.02WLNVVNR WN OAK173.02WLNVVNR 346.04 END ZPOAKMSY XFOAK4.5MSY4.5 AY11.20$OAK5.60 MSY5.60

A PDF copy of the e-ticket is attached as **Exhibit** A (the underlines link to other pages on the Southwest website).

13. Plaintiffs could not make the trip, and cancelled it on June 12, 2015, well in advance of the "10 minutes prior to travel" that according to the e-ticket would "result in the forfeiture of all remaining unused funds." *Id.*

14. On or about September 15, 2015, Plaintiffs tried to use the credits from their cancelled tickets for future travel to be completed by February 20, 2016, but Southwest informed them that it had forfeited the entire amount—all $800.40—based on the expiration date associated with the $16 credit from the earlier flight.

15. Applicable federal regulations issued pursuant to the Airline Deregulation Act, 49 U.S.C. § 41701 *et seq.* (the "ADA") provide that Southwest "may not impose any terms restricting refunds of the ticket price, imposing monetary penalties on passengers, or raising the

ticket price… unless the passenger receives conspicuous written notice of the salient features of those terms on or with the ticket." 14 C.F.R. § 253.7.

16. Plaintiffs and persons similarly situated did <u>not</u> receive such conspicuous written notice of any purported term that would permit Southwest to forfeit their travel credits in this manner.

## **CLASS ALLEGATIONS**

17. This class action is brought pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure by the individual named Plaintiffs on themselves and the following classes:

> **National Class**
> All Southwest customers who cancelled domestic tickets more than 10 minutes prior to their flight's scheduled departure time, but suffered forfeiture of the payments for such tickets less than 1 year from the date of payment.
>
> **California Sub-Class**
> All members of the National Class who resided in California as of the date the tickets were originally purchased.

18. Plaintiffs do not know the exact size or identities of the proposed classes because that information is in the control of Southwest. Plaintiffs believe and allege, however, that both classes encompasses thousands of Southwest customers in California and nationwide.

19. Common questions of fact and law predominate over any questions affecting only individual members because all customers are subject to the same terms and received the same forms of e-tickets. Determining whether Southwest breached its contract with Plaintiffs as alleged herein will determine whether Southwest breached its contract with all members of the classes alleged herein.

20. Plaintiffs' claims are typical of the claims of the class members and Plaintiffs do not have any conflicts with the interests of any other class members.

21. Plaintiffs will fairly and adequately represent the interests of the class members. They are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class action and consumer claims such as this.

22. A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings throughout the state and nation. The amounts of money at stake for individual the individual class members are too small to justify and support this litigation on an individual basis.

## 1ST CLAIM FOR RELIEF
### Breach of Contract

23. The preceding paragraphs are incorporated by reference.

24. The rules of construction of the common law of contracts of the United States, California, Texas, and all other states deplore forfeitures and hold that contracts shall receive interpretation which is most favorable to the party against whom the forfeiture is asserted.

25. Plaintiffs entered into an agreement with Southwest that provided that they could cancel their travel without forfeiting the money they paid for their tickets because they would receive credit for the ticket price good for future travel on Southwest within 1 year of the date of purchase.

26. Plaintiffs performed all their obligations under the agreement except to the extent that they were excused from performance, and all the conditions requiring Southwest's performance were satisfied.

27. Southwest breached the agreement by forfeiting $784.40 in cash that Plaintiffs paid on February 21, 2015 (which should have had a February 20, 2016 expiration date) in less than 1 year from the date of purchase.

28. Any term of the agreement that purports to allow Southwest to commit the forfeiture is void based on the absence of the required "conspicuous written notice." 14 C.F.R. § 253.7.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## 2ND CLAIM FOR RELIEF
### Fraud

29. The preceding paragraphs are incorporated by reference.

30. Southwest failed to adequately disclose any contractual term(s) that purportedly permitted it to undertake the alleged forfeiture, including because Southwest failed to provide the required "conspicuous written notice" of any such term(s). 14 C.F.R. § 253.7.

31. The non-disclosure was material, and intended to induce reliance. Alternatively, Southwest knew or should have known that Plaintiffs would rely on the non-disclosure.

32. Plaintiffs reasonably relied on the non-disclosure, and suffered damages as a result of such reliance as alleged herein.

33. Southwest is guilty of oppression, fraud and malice such that it is subject to the imposition of punitive damages according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

### 3RD CLAIM FOR RELIEF
### Negligence

34. The preceding paragraphs are incorporated by reference.

35. Southwest had a duty of care to provide "conspicuous written notice" of any contractual term(s) that purportedly permitted the alleged forfeiture. 14 C.F.R. § 253.7.

36. Southwest breached this duty.

37. Plaintiffs suffered damages as a result as alleged herein.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

### 4th CLAIM FOR RELIEF
### Unjust Enrichment

38. The preceding paragraphs are incorporated by reference.

39. Southwest was enriched at Plaintiffs' expense.

40. It is against equity to permit Southwest to retain the benefits.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

///

///

///

///

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

A.  An order certifying the proposed classes, appointing the named Plaintiffs as the representative of the classes, and appointing the law firms representing the named Plaintiffs as counsel for the classes.

B.  Economic damages according to proof.

C.  In the alternative, specific performance and restitution according to proof.

D.  Punitive damages according to proof.

E.  Attorneys' fees, costs, and expenses.

F.  And such other and further relief as the Court may deem proper.

DATE:  October 2, 2015                          LAW OFFICE OF PETER FREDMAN PC

By: /s/ Peter Fredman
PETER FREDMAN,
Attorney for Plaintiffs,

# **DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial on all claims so triable.

LAW OFFICE OF PETER FREDMAN PC

By: /s/ Peter Fredman
PETER FREDMAN
Attorney for Plaintiffs