UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEAN SHREM, et al.,

          Plaintiffs,

     v.

SOUTHWEST AIRLINES CO.,

          Defendant.

Case No.  15-cv-04567-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; ORDER DENYING MOTION FOR LEAVE TO FILE**

Re: Dkt. No. 14, 45

Pending before the Court is Defendant Southwest Airlines Co.'s motion to dismiss the complaint.  Dkt. No. 14.  For the reasons articulated below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss with leave to amend.

I.      **BACKGROUND**

Plaintiffs Jean Shrem and Marni Fischer allege that Southwest's policy provides "that, when customers cancel non-refundable tickets, [ ] the full amount paid may be used without restriction as credits to purchase future travel on Southwest for 1 year from the original date of purchase."  Dkt. No. 1 ("Compl.") ¶ 3.  They further allege that Southwest has a "hidden exception" to that policy whereby customers lose the "money paid for a ticket in less than 1 year from the date of purchase in situations where customers purchase future travel by combining cash with credit from a previously cancelled ticket.  If the future travel is cancelled, Southwest forfeits both credits 1 year from the date of the earliest purchase."  *Id.* at ¶ 4.

On August 24, 2014, Plaintiffs purchased Southwest tickets, which they then cancelled in exchanged for credit for future travel to be used by August 23, 2015.  *Id.* at ¶ 10.  On February 21, 2015, Plaintiffs purchased two new roundtrip tickets using $784 in cash and $16 in Southwest credit from the earlier cancelled tickets.  *Id.* at ¶ 11.  About four months later, Plaintiffs cancelled their trip, *id.* at ¶ 13.  On September 15, 2015, Plaintiffs tried to use the credits from the cancelled

United States District Court
Northern District of California

tickets and learned that they had forfeited the value of their credit ($800.40) based on the expiration date of the earlier cancelled flight (the $16 credit). *Id.* at ¶ 14.

Before Plaintiffs filed the lawsuit, Defendant delivered travel vouchers to Plaintiffs covering the disputed amount. Dkt. No. 15, ¶¶ 5, 7 & Ex. 1; Dkt. No. 16, ¶ 3. Plaintiffs did not accept the travel vouchers, and instead filed a class action complaint alleging four causes of action: (1) breach of contract, (2) fraud, (3) negligence, and (4) unjust enrichment. Relying on the Airline Deregulation Act, 49 U.S.C. § 41701, et seq. ("ADA"), Plaintiffs contend that Southwest violated the ADA by failing to provide "conspicuous written notice of any purported term that would permit Southwest to forfeit their travel credits in this manner." *Id.* at ¶¶ 15-16 (citing 14 C.F.R. § 253.7).

## II.     REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, the Court addresses Defendant's request for judicial notice, seeking notice of Defendant's Contract of Carriage. *See* Dkt. No. 17.

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Additionally, under the "incorporation by reference" doctrine, the Court can "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Ninth Circuit has extended the doctrine to "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id.*

Here, the complaint references Defendant's policies and terms that apply to the purchase of an airline ticket and attaches a copy of the e-ticket as an exhibit to the complaint. The attached ticket further references Defendant's terms and policies through hyperlinks on the page, Dkt. No. 1, Ex. A. Finally, Plaintiffs have not raised any dispute regarding the authenticity of the Contract

of Carriage.  Accordingly, the Court GRANTS the request and takes judicial notice of the Contract

of Carriage under the incorporation by reference doctrine, *see* Dkt. No. 15, Ex. 2.  *See also In re*

*Gilead Scis. Sec. Litig.*, No. C03-4999 MJJ, 2005 WL 181885, at *4 (N.D. Cal. Jan. 26, 2005)

(holding that the court may "take judicial notice of documents on which allegations in the

[complaint] necessarily rely").

## III.    DISCUSSION

Defendant argues several bases for dismissal, which the Court considers below.

### A.    Standing

As a threshold issue, Defendant contends that Plaintiffs' claims are moot.  Defendant

argues that because Defendant fully refunded Plaintiffs the disputed amount, Plaintiffs lack

standing for any damages claims.

In light of recent Ninth Circuit authority, the Court rejects Defendant's argument.  *Chen v.*

*Allstate Ins. Co.* held:

> [A] claim becomes moot when a plaintiff *actually* receives complete
> relief on that claim, not merely when that relief is offered or
> tendered. Where, as here, injunctive relief has been offered, and
> funds have been deposited in an escrow account, relief has been
> offered, but it has not been received.

819 F.3d 1136, 1138 (9th Cir. 2016) (holding plaintiff's individual claims were not moot).

Because Plaintiffs have not accepted Defendant's offer, *see* Dkt. No. 20-5, relief has been offered,

but not received.  Accordingly, under *Chen*, Plaintiffs' claims are not moot.

### B.    ADA Preemption

Second, Defendant argues that Plaintiffs' non-contract claims—fraud, negligence, and

unjust enrichment—are preempted under the ADA.  *See* Compl. ¶¶ 29-37 (Counts 2-4).  Section

41713 of the ADA provides:

> a State, political subdivision of a State, or political authority of at
> least 2 States may not enact or enforce a law, regulation, or other
> provision having the force and effect of law related to a price, route,
> or service of an air carrier that may provide air transportation under
> this subpart.

49 U.S.C. § 41713(b)(1).  The Supreme Court has considered the scope of the ADA preemption

clause three times.  In *Morales v. Trans World Airlines, Inc.*, the Court read the phrase "related to

United States District Court
Northern District of California

3

a rate, route, or service" expansively, and concluded that state laws regulating fare advertising were "related to rates," and thus preempted.  504 U.S. 374, 383-84, 387-88 (1992) ("State enforcement actions *having a connection with or reference* to airline 'rates, routes, or services' are pre-empted." (emphasis added)).

In *American Airlines, Inc. v. Wolen*, the Supreme Court focused on the phrase "enact or enforce any law" in the statute to carve out an exception to ADA preemption for certain breach of contract claims.  513 U.S. 219, 226 (1995).  *Wolen* held that the ADA did not preempt a breach of contract action against an airline because the claim was based on the parties' "privately ordered obligations" within the airline's frequent flyer program, and thus did not amount to the 'enactment or enforcement of any law, rule, regulation, standard or other provision having the force and effect of law.'"  *Id.* at 228-29 (certain internal quotation marks and punctuation omitted).  The Court emphasized that the "distinction between what the State dictates and what the airline itself undertakes confines courts, in breach of contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement."  *Id.* at 233.

Finally, the Supreme Court in *Northwest., Inc. v. Ginsberg*, held that the ADA's preemption provision applies to state common law claims that seek to enlarge the contractual obligations that the parties voluntarily adopted.  134 S. Ct. 1422, 1426 (2014).  *Ginsberg* held that a customer's claim against the airline for breach of the implied covenant of good faith and fair dealing, stemming from the termination of his frequent flyer account, was "related to" prices, routes, and especially services.  *Id.* at 1431.  Because the frequent flyer credits could be redeemed for services, the state law contract claim met the "related to" test, *id.*, and, because the state law claim sought to enlarge the contractual relationship that the carrier and its customer had voluntarily undertaken, it was preempted under the ADA, *id.* at 1433.

Here, the Court agrees with Defendant that the negligence, fraud, and unjust enrichment claims satisfy the "related to" test.  *See* Dkt. No. 14 at 10; § 41713; *Nat'l Fed'n of the Blind v. United Airlines Inc.*, No. 11-16240, 2016 WL 229979, at *4 (9th Cir. 2016) ("[T]he term 'service' 'refer[s] to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail.'").  Counts two through four are grounded in Defendant's forfeiture of

"money paid for a ticket in less than 1 year from the date of purchase in situations where customers purchase future travel by combining cash with credit from a previously cancelled ticket." Compl. ¶ 4. Because the forfeited credits from cancelled flights are connected to both Defendant's rates (the credits are available for purchase of future travel), and Defendant's services (the credits provide access to flights), the causes of action are preempted under the ADA.

Having found these claims preempted, the Court turns to the *Wolen* exception to determine whether the fraud, negligence, and unjust enrichment claims only concern a self-imposed obligation and whether there is an enlargement or enhancement of that obligation through state laws external to the contract. *See Ginsberg*, 134 S.Ct. at 1431; *Wolen*, 513 U.S. at 233. If the claims rely only on the contractual commitment between Defendant and Plaintiffs, and there is no enlargement of obligations beyond the contract's scope, then the claims will survive.

The Court finds that the *Wolen* exception does not apply. To begin with, Plaintiffs argue that the source of the obligation for each cause of action comes from the regulation. *See*, *e.g.*, Dkt. No. 19 at 11 (arguing "a duty to disclose the forfeiture terms arose directly from section 253"); Dkt. No. 19 at 7; Compl. ¶¶ 30, 35, 38. But to determine whether Defendant breached an obligation under the regulation, the Court would need to look beyond the contract and interpret the regulation. Such a determination would defeat *Wolen*'s requirement that the commitment be "self-imposed" and not enhanced by laws outside of the contract. *See also Onoh v. Nw. Airlines, Inc.*, 613 F.3d 596, 600 (5th Cir. 2010). Plaintiff's reliance on the regulations is further unavailing as the regulations do not create a private right of action. *See G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 902 (9th Cir. 1992) (holding there is no implied private right of action under the Federal Aviation Act); *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33 (1st Cir. 2007) ("Regulations alone cannot create private rights of action; the source of the right must be a statute. . . . [W]e hold that the consumer protection provisions of the ADA do not permit the imputation of a private right of action against an airline and that, therefore, the plaintiffs do not have an implied right of action under 14 C.F.R. § 253.4 or § 253.7.").

Plaintiffs additionally argue that the source of the obligation can come from the contract itself. *See*, *e.g.*, Dkt. No. 19 at 11 (arguing "[t]he disclosure duty also arose contractually because

the [Contract of Carriage] incorporates all the 'applicable laws, regulations and rules imposed by the U.S.'"). This basis also lacks merit as Plaintiffs misstate the terms of the contract. The Contract of Carriage does not "*incorporate* all the 'applicable laws, regulations and rules imposed by the U.S.'" as Plaintiffs argue, Dkt. No. 19 at 11 (emphasis added). Rather, it states: "This Contract of Carriage is *subject to* applicable laws, regulations and rules imposed by U.S. or foreign governmental agencies." Dkt. No. 15 at 11 (emphasis added). Thus, Plaintiffs' argument that the contract incorporates or voluntarily assumes the regulations fails. The Court also rejects Plaintiffs' argument that they are merely pursuing "state law remedial claims" to enforce federal laws. The invocation of state remedies furthers a state policy "that those who are wrong should have individualized access to the courts to remediate that wrong." *Buck*, 476 F.3d at 35. And, "[i]t is the imposition of that state policy that would constitute forbidden state enforcement, in violation of the ADA's preemption provision, because the ADA itself provides no private right of action." *Id.* at 35.

Accordingly, the Court concludes that Plaintiffs' claims for negligence, fraud, and unjust enrichment are preempted under the ADA, and that the *Wolen* exception does not apply. The Court GRANTS Defendant's motion to dismiss counts two through four with prejudice.[1] The Court also GRANTS Defendant's motion to dismiss Plaintiffs' request for punitive damages. *See* Cal. Civ. Code § 3294; *Flores v. Wells Fargo Bank, N.A.*, No. 11-6619 JSC, 2012 WL 2427227, at *9 (N.D. Cal. June 26, 2012) ("Punitive damages are not recoverable for breach of contract claims even if the defendant's conduct was "willful, fraudulent, or malicious.").

### C.    Breach of Contract

With respect to the first cause of action for breach of contract, the Court GRANTS the motion to dismiss with leave to amend. The complaint fails to identify which contract terms were breached. Plaintiffs have failed to state a plausible claim for relief, and thus dismissal with leave to amend is warranted. Should Plaintiffs choose to file an amended complaint alleging a breach of contract, the complaint must identify the breached provision of the contract.

---

[1] Because the Court finds these causes of action preempted, the Court does not reach the question of whether these claims were sufficiently pled.

United States District Court
Northern District of California

### D.      Attorneys' Fees

"Under the American rule, as a general proposition each party must pay his own attorney fees." *Gray v. Don Miller & Associates, Inc.*, 35 Cal.3d 498, 504 (1984).  "This concept is embodied in section 1021 of the Code of Civil Procedure, which provides that each party is to bear his own attorney fees unless a statute or the agreement of the parties provides otherwise." *Id.  See also* Cal. Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties.").

Here, the complaint fails to identify a statutory or contractual basis for attorneys' fees. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claim for attorneys' fees with leave to amend.

## IV.      CONCLUSION

For the reasons stated, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART with leave to amend.  Dkt. No. 14.  Plaintiffs may file an amended complaint within 21 days of this order.  The pending motion for leave to file a first amended complaint, Dkt. No. 45, is DENIED AS MOOT, and the hearing scheduled for August 18, 2016 is vacated.

**IT IS SO ORDERED.**

Dated:  August 8, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge