UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN SHREM, et al.,<br>　　　　Plaintiffs,<br>　v.<br>SOUTHWEST AIRLINES CO.,<br>　　　　Defendant. | Case No. 15-cv-04567-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 52, 53 |

Pending before the Court are two motions brought by Defendant Southwest Airlines, Co.: (1) a motion to dismiss the first amended complaint ("FAC") and (2) a motion to strike the FAC. Dkt. Nos. 52 ("Mot. to Strike"), 53 ("MTD"). For the reasons articulated below, the Court GRANTS the motion to dismiss and DENIES the motion to strike.

## I.　BACKGROUND

### A.　Factual Background

In this contract dispute, Plaintiffs Jean Shrem and Marni Fischer allege that Defendant enters into a contract with each of its ticket-buying customers that permits a customer to cancel a nonrefundable ticket and still apply the ticket value to future travel purchases with Southwest for up to 12 months from the original purchase date. Dkt. No. 51 ("FAC") ¶ 6. Plaintiffs assert that Defendant "systematically breaches" this contract by prematurely forfeiting these travel credits. Specifically, when customers purchase a ticket using multiple travel credits, Defendant applies the earliest travel credit expiration date to the entire ticket. *Id.* ¶ 8. If a customer then cancels the ticket and wants to use the travel credits again for further travel, they are all subject to the earliest expiration date. Consequently, Defendant may forfeit some travel credits before 12 months have elapsed from the original purchase date. Plaintiffs contend that Defendant erroneously forfeited over $700 of their travel credits after just seven months because Plaintiffs combined them with

$16 in travel credits purchased at an earlier time. *Id.* at ¶ 9.

### B. Procedural Posture

On August 8, 2016, the Court dismissed all of Plaintiffs' claims when it granted in part and denied in part Defendant's motion to dismiss Plaintiffs' original complaint. Dkt. No. 50 ("Dismissal Order"). The Court dismissed Plaintiffs' claims for negligence, fraud, and unjust enrichment with prejudice, finding that they were preempted by the Airline Deregulation Act, 49 U.S.C. §§ 41701, *et seq.* ("ADA"). *Id.* at 3–6. However, the Court grated Plaintiffs leave to amend their breach of contract claim if they could identify the breached provisions of the contract. *Id.* at 6.

In response, Plaintiffs filed their FAC on August 29, 2016, asserting a single claim for breach of contract. *See* FAC at ¶¶ 40–45. Plaintiffs allege that statements from Defendant's website, e-tickets, and Contract of Carriage create a "Reusable Funds Agreement" in which Defendant promises that customers may cancel their tickets and use the funds to purchase future travel on Southwest for at least 12 months from the original date of payment. *Id.* ¶¶ 1–7.

Plaintiffs acknowledge that the Contract of Carriage explicitly states that "[i]f a Ticket is purchased with multiple travel credits, the earliest expiration date will apply to the entire Ticket." *Id.* at ¶ 10. Nevertheless, Plaintiffs argue that this term is unenforceable because Defendant did not provide its customers with conspicuous notice of this limitation on the tickets themselves, as required under federal law. *Id.* at ¶ 11. Plaintiff further argues that these federal notice requirements are incorporated into the "Reusable Funds Agreement" because the Contract of Carriage states that it "is subject to applicable laws, regulations and rules imposed by U.S. or foreign governmental agencies." *Id.* at ¶ 20 (Dkt. No. 51-3 at 3, ¶ 1.a(1)).

### II. DISCUSSION

On September 12, 2016, Defendant filed both a motion to dismiss and a motion to strike Plaintiffs' FAC. The Court addresses each motion in turn.

### A. Motion to Dismiss

Plaintiffs' breach of contract claim mirrors the arguments that the Court already rejected in its Dismissal Order finding that the non-contract claims were preempted by the ADA. *See*

2

1  Dismissal Order at 3–6. In opposing this motion to dismiss, Plaintiffs contend that Defendant's
2  Contract of Carriage "expressly incorporates" federal laws and regulations into each ticketing
3  contract, including the notice requirements under 14 C.F.R. §§ 253.4, 253.5, and 253.7. Dkt. No.
4  54 at 6. Under these regulations:

> A carrier may not impose any terms restricting refunds of the ticket price, imposing monetary penalties on passengers, or raising the ticket price . . . unless the passenger receives conspicuous written notice of the salient features of those terms on or with the ticket.

14 C.F.R. § 253.7. Plaintiffs contend that because Defendant did not provide "conspicuous written notice . . . on or with the ticket," it cannot enforce the provision of the Contract of Carriage that applies the earliest expiration date to tickets that are purchased with multiple travel credits. *Id.*; *see also* FAC ¶ 10 (citing Dkt. No. 51-3 at 13, ¶ 4.c(3)(iii)).

The Court already has found that the Contract of Carriage does *not* incorporate federal laws, regulations, and rules, including 14 C.F.R. §§ 253.4, 253.5, and 253.7. *See* Dismissal Order at 5–6. Plaintiffs overstate the Contract of Carriage, which merely states that it "is *subject to* applicable laws, regulations, and rules imposed by U.S. or foreign governmental agencies," *see* FAC ¶ 10 (citing Dkt. No. 51-3 at 13, ¶ 4.c(3)(iii)) (emphasis added). The Contract of Carriage does not state that it *incorporates* all applicable laws, regulations, and rules. *Id.* Such an interpretation would contradict the plain language of the contract and also subject Defendant to potentially limitless, unspecified obligations. The Court finds no reason to expand the contract in this way. *See* Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

Even if the Court were to reconsider, dismissal would still be warranted because Plaintiffs' argument erroneously creates a private right of action that does not exist under the federal regulations at issue here. Plaintiffs' breach of contract argument turns on the Supreme Court's opinion in *American Airline, Inc. v. Wolens*, in which the Court found that the ADA does not preempt breach of contract claims for any obligations that the airline voluntarily assumed. 513 U.S. 219, 226–33 (1995). In *Wolens*, the Court held that the ADA did not preempt a breach of contract claim for an airline's alleged breach of the terms of its own frequent flier program. *Id.* at

3

228–29. The key for ADA preemption, the Court explained, is that courts are still confined "to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 232–33.

Relying on *Wolens*, Plaintiffs argue that Defendant explicitly agreed that the contract was subject to federal law and it failed to abide by the federal notice requirements. Under this interpretation, the Court must look to law "external to" the Contract of Carriage and determine whether Defendant violated federal law. Yet as the Court previously found, the federal regulations at issue do not create a private right of action. *See* Dismissal Order at 5; *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 901–03 (9th Cir. 1992) (holding there is no implied private right of action under the Federal Aviation Act); *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33–34 (1st Cir. 2007) ("Regulations alone cannot create private rights of action; the source of the right must be a statute . . . . [W]e hold that the consumer protection provisions of the ADA do not permit the imputation of a private right of action against an airline and that, therefore, the plaintiffs do not have an implied right of action under 14 C.F.R. § 253.4 or § 253.7."); *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 525 (5th Cir. 2002) (holding that there is no private right of action under the ADA). Plaintiffs' breach of contract claim would thus create an end run around the implied right of action doctrine, permitting a private right of action based on violations of 14 C.F.R. §§ 253.4, 253.5, and 253.7 where there is none. *See Casas*, 304 F.3d at 525 (permitting a private litigant to bring a claim that relies upon 14 C.F.R. § 254.4 would "circumvent the conclusion that the ADA, and therefore the regulations enacted pursuant to it, creates no private right of action"); *cf. Buck*, 476 F.3d at 37. The Court declines to apply the *Wolens* exception to permit private enforcement of these federal regulations.

Accordingly, the Court finds that Plaintiffs' sole claim for breach of contract fails to state a claim and GRANTS Defendant's motion to dismiss the FAC.

**B. Motion to Strike**

Defendant reiterates the same arguments in its motion to strike Plaintiffs' FAC as it raised in its motion to dismiss. Defendant argues that the breach of contract claim "ignores the prior rulings in the [Dismissal] Order and omits key provisions or disclosures in" the Contract of

4

Carriage. Mot. to Strike at 3. Because Defendant has failed to address the basic legal requirements for a motion to strike, the Court denies the motion.

The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, "[w]here a defendant seeks to dismiss an action based on the plaintiff's failure to comply with a Court order, such motion should be brought under Rule 41(b), not Rule 12(f)." *Tharpe v. Diablo Valley Coll. (Contra Costa)*, No. C 11-02624 SBA, 2012 WL 629138, at *2 (N.D. Cal. Feb. 27, 2012). Under Federal Rule of Civil Procedure 41(b), the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to [the defendant]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Because Defendant has failed to address any of the factors under Rule 41(b), the Court DENIES the motion to strike.

## III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss the FAC in its entirety and DENIES Defendant's motion to strike. Because the Court has previously given Plaintiffs the opportunity to amend their complaint, the Court grants the motion to dismiss WITH PREJUDICE. Plaintiffs have merely recast their same failed arguments as a breach of contract claim. *Cf. Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.") (quotation omitted). The clerk is directed to enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated: 4/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge